IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**EDDIE RAY JONES**                                                                                                  **PETITIONER**

**vs.**                                                        **CIVIL ACTION NO.: 2:12cv202-SA-JMV**

**ROBERT TAYLOR, et al.**                                                                          **RESPONDENTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Petitioner, Eddie Ray Jones, Mississippi prisoner no. R5444 proceeding pro se, has filed a federal habeas petition pursuant to 28 U.S.C. § 2254, seeking to challenge his Bolivar County, Mississippi, conviction and sentence for aggravated assault. Having considered the submission of the parties, the State court record, and the law applicable to Petitioner's claims, the Court finds that the petition should be denied, for the reasons that follow.

**Background Facts and Procedural History**

At the time of the events giving rise to his conviction, Petitioner was living on Johnson Street in Cleveland, Mississippi. (R. at 134, 262, 292). A disagreement existed between "the Johnson Street group" and "the Bay Area folks" in Cleveland at that time. (*Id*. at 134). On March 22, 2007, a large group had gathered near the Double Quick at the intersection of White Street and Highway 61 where Petitioner and Henry "Main" Taylor were in an altercation with some Hampton cousins of the Bay Area. (*Id*. at 99, 100, 105, 134, 144). Meanwhile, Latoya Sellers and her passenger, Maurice Williams, turned onto White Street and were passing the crowd near the Double Quick when someone made an inflammatory remark. (*Id*. at 144, 146, 173). Williams jumped out of the car with a gun and asked Petitioner what he said. (*Id*. at 165). Petitioner had a gun in his hand and was pointing it toward the rear of Sellers' car. (*Id.* at 152,

1

155, 176). Taylor, who was standing right next to Petitioner, also had a gun in his hand. (*Id*. at 102, 104, 115, 116, 237, 238). Both men were on White Street facing east, toward Highway 61. (*Id*. at 104, 116). Camisha Cleveland was driving west on White Street toward Highway 61 and the Double Quick. (*Id.* at 193). Shots were fired, and Cleveland was struck in the face by a bullet that came through her windshield. (*Id*. at 194-95). The back of Sellers' car was also struck by a bullet. (*Id*. at 147, 149).

Petitioner and Taylor were each indicted for aggravated assault and for being previously convicted felons in possession of firearms. The State attempted to prove that either Jones or Taylor fired the shot that struck Cleveland, and that the other had aided and abetted in the crime. Taylor was convicted on both counts, while Petitioner was found guilty of aggravated assault but found not guilty of being a felon in possession of a firearm. (*Id*. at 111). Petitioner was sentenced on June 24, 2008, as an habitual offender to serve a term of twenty years in the custody of the Mississippi Department of Corrections. He appealed his conviction and sentence to the Mississippi Supreme Court, and the Mississippi Court of Appeals affirmed the judgment on August 23, 2011. *Jones v. State*, 95 So.3d 672 (Miss.Ct.App. 2011), *reh'g denied*, Nov. 29, 2011 (No. 2010-KA-00202-COA). The Mississippi Supreme Court granted certiorari review on March 15, 2012. On August 23, 2012, however, the court held the claims of error were without merit and upheld the lower court's judgment. *Jones v. State*, 95 So.3d 641 (Miss. 2012) (No. 2010-CT-00202-SCT). Petitioner subsequently filed a pro se application for leave to proceed in the trial court on a motion for post-conviction relief, raising the same issues that were raised on direct appeal. On December 20, 2012, the Mississippi Supreme Court entered an order denying the application, finding the issues barred by the doctrine of res judicata. (*See* Respt's Ex. C)

(No. 2012-M-1539).

On or about November 13, 2012, Petitioner filed the instant petition, raising two issues: 1) Whether the court erred in telling the venire that Petitioner had a prior conviction for the sale of cocaine; and 2) Whether there was sufficient evidence to sustain Petitioner's conviction.

**Legal Standard**

The Court's review of Petitioner's claim is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because his federal habeas petition was filed after the statute's effective date. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA prevents the grant of federal habeas relief on any claim adjudicated on the merits in state court unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the presented evidence. *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Because Petitioner presented all of the claims raised by the instant petition either on direct appeal or on post-conviction review, the Court reviews all of Petitioner's claims under 28 U.S.C. § 2254(d).

**Discussion**

Ground One:  Trial judge informed full venire of Petitioner's prior conviction

During voir dire, the trial court informed the venire that he would read the indictment against Petitioner for the purpose of determining whether any potential juror had heard the facts of the case. (R. at 47). In reading Count II, Possession of a Firearm by a Convicted Felon, the trial judge stated that it was alleged by the prosecution that Petitioner had been previously convicted of the felony crime of sale of cocaine. (*Id.* at 47-48). Defense counsel approached the

3

bench and asked for a mistrial, claiming that he had stipulated to the fact that Petitioner had a prior conviction, and that it was prejudicial for the jury to know the specific felony for which he had been convicted. (*Id*. at 49). The trial court denied the motion. (*Id*. at 51).

On direct appeal, Petitioner relied upon Rule 11.03 of the Uniform Circuit and County Court Rules to support his claim. The Mississippi Court of Appeals found that Rule 11.03 "speaks to cases involving enhanced punishments for subsequent offenses, which is not an issue in today's case." *Jones*, 95 So.3d at 677. Citing *Old Chief v. United States*, 519 U.S. 172, 191-92 (1997), which the court found "strongly endorsed the practice of allowing a defendant to stipulate as to his status as a previously convicted felon," the court determined that Petitioner failed to stipulate the fact of his prior conviction "prior to the commencement of the trial and prior to the time that the trial judge read the indictment to the jury." *Id*. It otherwise found that Petitioner had failed to demonstrate that he was prejudiced by the jury's knowledge of his prior conviction for the sale of cocaine and rejected the claim. *Id*. at 679.

The Mississippi Supreme Court found that the law had been appropriately applied to the facts of Petitioner's case and found Petitioner's claims to be without merit. *Jones*, 95 So.3d at 650.

In *Old Chief v. United States*, 519 U.S. 172 (1997), the Supreme Court found that a court abuses its discretion if it rejects an offer to stipulate a prior felony conviction and "admits the full record of a prior judgment [] when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of the prior conviction[.]" *Id.* (citation omitted). In this case, the record demonstrates that defense counsel did not stipulate to Petitioner's prior felony conviction until

4

the close of the State's case-in-chief. (*Id*. at 247, 316). A defendant's prior felony conviction is an element the State must prove to secure a conviction for felon in possession of a firearm. The State did not introduce evidence of the prior conviction, there was no stipulation in the record by Petitioner's counsel before the mention was made during voir dire, and the prior conviction for sale of cocaine was not similar to the crime for which Petitioner was being tried. Petitioner has not demonstrated that this claim warrants relief under the AEDPA. It will be dismissed.

Ground Two: Sufficiency of the evidence

In his remaining ground for relief, Petitioner argues that the evidence against him was insufficient to sustain his conviction. The sufficiency of the evidence may be challenged by a federal habeas petition, but only where the evidence, viewed in the light most favorable to the prosecution, is such that no rational factfinder "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 324 (1979). The *Jackson* standard allows the trier of fact to find the evidence sufficient to support a conviction even if "the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992) (citation omitted); *United States v. Surtain*, 2013 WL 1846625 (5th Cir. May 2, 2013) ("The evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except guilty, so long as a reasonable trier of fact could find that the evidence established guilty beyond a reasonable doubt.").

To convict a defendant of aggravated assault, the State must prove that (1) the defendant attempted to cause, or purposely, knowingly, or recklessly caused; (2) bodily injury to another; (3) with a deadly weapon or other means likely to produce death or serious bodily harm.

5

Miss. Code Ann. § 97-3-7(2). On direct appeal, the Mississippi Court of Appeals held:

> Considering the evidence in light most favorable to the State, we find that sufficient evidence existed to convict Jones of aggravated assault. At trial, Sellers, testified that on March 22, 2007, as she was driving down White Street with Williams, she passed a large crowd of people walking on the side of the street. Sellers testified that as she was driving down White Street, she heard someone in the crowd yell an insult toward Williams. Seller testified that after the insult was lodged, Williams stepped out of her vehicle and exchanged words with Jones, who was in the crowd. Sellers further testified that through her rear-view mirror, she saw Jones with a gun running behind her vehicle and then shots were fired. Investigator Serio testified that through his investigation, he was able to conclude that Jones and Taylor would have been shooting east on White Street. Investigator Serio further testified that Cleveland, the victim, was traveling west on White Street when a bullet entered her front windshield and struck her.

*Jones*, 95 So.3d at 679-80. The court found the evidence failed to meet the *Jackson* standard for granting relief and held the argument without merit. *Id.*

The Mississippi Supreme Court found that the evidence was sufficient to support the conviction and the verdict "not so contrary to the overwhelming weight of the evidence that to allow it to stand would bring about an unconscionable injustice." *Jones*, 95 So.3d at 647.

In light of the recitation of facts above, which are borne out by the record, the Court does not find it unreasonable to conclude that the evidence, when viewed in the light most favorable to the prosecution, is not such that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The rejection of this claim does not warrant federal habeas relief under *Jackson* and its progeny. It will be dismissed.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon entry of a final order adverse to the petitioner. Petitioner must obtain a COA before appealing this Court's decision denying federal habeas

relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless Petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which Petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court finds that a COA should be denied in this case.

## Conclusion

The Court determines that none of the claims raised by Petitioner warrant federal habeas relief. It is hereby ordered that Petitioner's petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. All pending motions are dismissed as moot. A judgment in accordance with this opinion and order will issue today.

**SO ORDERED, THIS** the 9th day of July, 2013.

 /s/ Sharion Aycock
 **U.S. DISTRICT JUDGE**